LOCAL No. 1460, RETAIL CLERKS UNION, ET AL. v. PEAKER.

[No. 27,780. Filed December 7, 1943. Rehearing denied January 21, 1944.]

*William H. Faust, Irene Faust,* and *William H. Faust, Jr.,* all of Indianapolis, for appellants.

*Jay E. Darlington,* of Hammond, for appellee.

PER CURIAM.—This is an appeal from a judgment enjoining picketing by the appellants. The material facts are not in dispute. The appellee owned and operated a retail grocery store in Hammond, Indiana, and employed six clerks in his store. The appellants tried to organize the clerks but failed. Thereupon appellants requested appellee to enter into a "closed shop" agreement and to dismiss the clerks unless they joined the appellant union. The appellee stated that his clerks could do as they pleased, but that he would not enter into such contract. The appellants then placed a picket in front of appellee's store and contacted the drivers of the wholesale delivery trucks who drove in to unload at the rear and informed them that the place was being picketed. The picket carried a placard on which it was stated that "This store does not employ members of Retail Clerks Union Local 1460, affiliated with the A. F. of L." Customers would not pass the picket line and some "wholesale trucks" refused to deliver merchandise to the store.

In the case of *American Federation of Labor* v. *Swing* (1941), 312 U. S. 321, 61 S. Ct. 568, 85 L. Ed. 855, the Supreme Court of the United States held that activities of the character here complained of were

an exercise of the right of free speech guaranteed by the Federal Constitution and that they may not be enjoined. The holding in the Swing case has been cited and followed in *Cafeteria Employees Union, Local 302 et al.* v. *Angelos et al,* and *Cafeteria Employees Union, Local 302 et al.* v. *Tsakires et al.* (1943), 320 U. S. 293, 88 L. Ed. 60, 64 Sup. Ct. 126, which were decided November 22, 1943 on appeal from the New York Court of Appeals to the Supreme Court of the United States. These decisions of the Supreme Court of the United States are controlling.

The finding of the court is not sustained by sufficient evidence, and the court erred in overruling the motion for a new trial. This cause is reversed with instructions to grant a new trial and for further proceedings in accordance with this opinion.

NOTE.—Reported in 51 N. E. (2d) 628.